[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
1. Defendant's Motions for Modification (#160, #163, #180)
All three motions seek a reduction in the defendant's obligation to pay unallocated alimony and child support. Motion #180 recites a stipulation that the defendant reserved his right to request any modification granted be retroactive to the date Motion #163 was served on the plaintiff, which was February 16, 1994. The court will treat all three motions together.
On June 20, 1990, the court (Coppeto, J.) entered a judgment of dissolution of the marriage of the parties. On that date, the defendant was ordered to pay to the plaintiff the sum of $9,000 per month of unallocated alimony and child support.
The judgment provided that the ability of the parties to seek a modification of the support order was restricted to a CT Page 8217 substantial change in the defendant's income only. The change was required to be income in excess of $700,000 per year for the plaintiff to request a modification and income below $300,000 per year for the defendant to seek relief.
On October 18, 1993, the plaintiff filed a motion for modification. The parties stipulated that the motion be granted and that the original order of the court be modified. It was agreed that the defendant would pay to the plaintiff as unallocated alimony and child support the sum of $14,000 per month, commencing November 1, 1993. The parties agreed that the order was based on the defendant's annual income including bonus of $1,072,415.76.
In January, 1994, the plaintiff filed the first of the three motions requesting a downward modification of the unallocated order. Service of the second motion was made on the plaintiff on February 16, 1994. The basis of the request was a substantial change in the financial circumstances of the defendant due to a decrease in his income.
After hearings held over parts of three days, the court finds that there has been a substantial change of circumstances as to the defendant's income since the order entered on October 18, 1993. The defendant's gross income for the calendar year of 1995 is found to be $685,000.
Before concluding whether the defendant is entitled to any relief, the court must address the plaintiff's argument that the original judgment precludes modification in this instance because the defendant's income for 1995 has not decreased below $300,000.
It is undisputed that alimony can be made partially or wholly non-modifiable under Connecticut General Statutes Section 46b-86
(a). The original judgment in this case set parameters for the ability of the parties to seek a modification of the unallocated order. Only a substantial change in the defendant's income, which was defined as less than $300,000 or more than $700,000 per year, would permit the consideration of a modification.
The court finds that at the time of the modification in October, 1993, the parties stipulated to a change in the requirements necessary to request future modifications within the term of the unallocated alimony and child support order. The defendant's counsel, when stating the terms of the 1993 CT Page 8218 modification agreement for the record, reported that the increased stipulated order was based on the defendant's 1992 income of in excess of one million dollars and that "for future purposes, if there is a modification downward or motion to be filed, it's based on the fact that Mr. Renchard has made $1,072,000 for the year 1992". Implied in this statement was that the intention was to permit the defendant to seek a future reduction in his obligation should his income decrease substantially without regard to the limitations in the original order.
To suggest that the defendant would be required to wait until his $1,000,000 per year income dropped below $300,000 per year before he could request relief would be tantamount to making his agreed increased order non modifiable by him unless he lost his bonus payment, something that has never occurred since the marriage was dissolved. Did the parties intend that if the defendant's income dropped to $301,000 per year that he would be unable to seek relief? The court thinks not. The current order is for $168,000 per year plus, per the defendant's testimony, the defendant pays $40,000 — $45,000 per year for the medical and educational expenses of his children. This totals in excess of $200,000 per year. This would be an impossible order for one who earns gross income of $301,000 per year.
The court finds that the defendant has sustained his burden of proof. The defendant's motions for modification of the unallocated alimony and child support order are granted. The defendant shall pay to the plaintiff the sum of $11,500 per month as unallocated alimony and child support.
The court has considered the defendant's request for the order to be retroactive to February 16, 1994 and has concluded that it should be denied, and it is so ordered. A consideration of the equities has resulted in the court's reaching this decision. The court believes that but for the diligence of the plaintiff's counsel the defendant's 1992 income might never have been revealed although the defendant had the duty to inform the plaintiff on an annual basis during the month of February of his prior year's income. Therefore, the plaintiff lost the benefit of her increased order until November, 1993.
The new order of $11,500 per month shall commence on July 1, 1995 and continue on the first day of each month thereafter, in advance, subject to the same conditions and for the same term as CT Page 8219 ordered on October 18, 1993.
A contingent wage withholding order may enter.
2. Plaintiff's Motion to Increase Alimony and Support (#181)
Plaintiff's motion is denied.
3. Plaintiff's Motions for Contempt (#184, #186)
The motions state that the defendant makes his monthly support payments late and had not made the March, 1995 and May, 1995 payments.
The court finds that the payments for the two months in question have been made. If the payments were sent after the first day of each month, the court finds that the defendant's actions were not made in willful disregard of the court's order. The defendant is found not to be in contempt.
The plaintiff's motions are denied.
4. Plaintiff's Motion for Contempt (#172)
This motion concerns the plaintiff's claims that the defendant has failed to pay all the uninsured medical, dental and orthodontia bills for the minor children of the parties as well as the educational expenses for the children as the defendant was required to do under the terms of the judgment entered when the marriage of the parties was dissolved.
The total claimed by the plaintiff is $28,711
 Payments made by defendant $6,979 $1,775 $6,230 $14,984 ------ ------- Balance in dispute $13,727
The following debts are found not to be responsibility of the defendant:
 1. Lake Forest Hospital — this was a duplicate test. The defendant paid for the original expense $ 142 CT Page 8220
 2. David Goff — Defendant was not consulted pursuant to Section 8.3 of the separation agreement $ 540
 3. Cove School and transportation Defendant not consulted. Also defendant has no $ 2,100 obligation under the separation agreement for camp or equivalent summer programs costs $ 550
 4. Eagle Hill — Taylor testing $ 1,750 payment made directly to school by defendant
 5. Eagle Hill deposit Defendant not consulted. Plaintiff to get refund $ 3,320 from school.
 6. Fenley's after school programs — Country Day $ 1,845 School. $ 480 Defendant not consulted. Defendant has no $ 420 obligation under separation agreement for after school or camp activities.
 7. Country Day School — camp $ 1,970 same reasons as #6 above --------
Total $13,117
 To summarize, Total claimed was $28,711 payments made $14,984 -------- Balance in dispute $13,727
amount defendant not found to be responsible for $13,117
balance due from defendant $ 610
After this motion was filed, the plaintiff reported during the hearings that there was another bill not included in the motion. That bill was for $700 for tutoring charges. The court finds that the defendant is not responsible for that charge as he was not consulted on the matter.
The defendant shall reimburse the plaintiff the sum of $610 within thirty days of this memorandum. CT Page 8221
The defendant is found not to be in contempt. The plaintiff's motion is denied.
5. Defendant's Motion for Modification (#187)
This motion requests a downward modification of the defendant's obligation to pay uninsured medical and educational expenses of the children of the parties.
The defendant has failed to sustain his burden of proof.
The motion is denied.
Orders may enter accordingly.
NOVACK, J.